UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEMIAN DOMINGUEZ,

Plaintiff,

v.

PORTILLO, *et al.*,

Defendants.

Case No. 2:25-cv-02090-GMN-MDC

ORDER

Pro se Plaintiff Demian Dominguez, who is incarcerated in the custody of the Nevada Department of Corrections, submitted a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) Having screened Dominguez's Complaint under 28 U.S.C. § 1915A, the Court dismissed the Complaint with prejudice and without leave to amend for failure to state a claim for which relief may be granted. (ECF No. 3.) Judgment was entered, and the case was closed. (ECF No. 4.) Dominguez has filed a Motion for Reconsideration. (ECF No. 6.)[1] As discussed below, the Court denies the Motion.

## I. Legal Standard

Upon motion by a party within twenty-eight days of the entry of judgment, the court may alter or amend its findings under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e). A party can also seek reconsideration under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 60(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v.*

[1] A duplicate Motion was docketed at ECF No. 7.

*Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). District courts have discretion regarding whether to grant a motion to amend under Rule 59(e) or 60(b). *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014).

## II. Analysis

### a. Claim 1: Fourteenth Amendment and Property Deprivation

Dominguez alleged that an investigator stole several items of his property. (ECF No. 3.) The Court explained that while an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Dominguez makes the bare assertion in his Motion that the investigator's actions were authorized and intentional. But he also states that the investigator took his property "under the lies of an investigation. . . . which never brough any charges or disciplinary action." (ECF No. 6 at 2.) So he alleges that the investigator acted with intention but not authorization when he stole Dominguez's property. Dominguez's remedy lies only under state statute. *See* Nev. Rev. Stat. § 41.0322.

### b. Claim 2: First Amendment and Retaliation; Fourteenth Amendment Equal Protection

Dominguez alleged in his Complaint the investigator retaliated against him. The Court explained that to state a viable a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5)

the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id*. at 568-69. A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm that is more than minimal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). More than minimum harms include the filing of a false disciplinary charge against a prisoner, placing him in administrative segregation, or interfering with his parole hearing. *Id*. at 1115. Dominguez now argues that the investigator retaliated against him when he conducted "targeted searches." (ECF No. 6 at 3.) Dominguez still does not explain how the investigator retaliated against him for constitutionally protected conduct. He also asserts, with no elaboration, that he was treated differently than similarly situated individuals in violation of his equal protection rights. As the Court stated in the Screening Order, this claim appears to be more accurately viewed as a claim of property deprivation.

Dominguez presents no basis for the Court to reconsider its Order dismissing the Complaint with prejudice and without leave to amend as amendment would be futile. So the Motion for Reconsideration is denied.

**III. Conclusion**

It is therefore Ordered that Plaintiff's Motion for Extension of Time to file Motion for Reconsideration (ECF No. 5) is granted *nunc pro tunc*.

It is further Ordered that Plaintiff's Motion for Reconsideration (ECF No. 6) is denied.

It is further Ordered that the duplicate Motion for Reconsideration (ECF No. 7) is denied as moot.

DATED: 28 October 2026.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE